**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| H-1 AUTO CARE, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>HONEST AUTO AND AIRCONDITIONING, LLC, a Florida limited liability company,<br><br>Defendant. | Case No. 8:26-cv-03210 |

# <u>COMPLAINT</u>

Plaintiff, H-1 AUTO CARE, LLC ("Honest1"), by and through its undersigned counsel, hereby files this Complaint against Defendant HONEST AUTO AND AIRCONDITIONING, LLC ("Defendant") and states as follows:

## <u>PRELIMINARY STATEMENT</u>

1. This case involves claims for trademark infringement of Honest1's federally registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1); false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); trademark dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); cybersquatting in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d); and related state and common law claims, arising

from Defendant's infringement of the Honest Marks (as defined herein).

## PARTIES

2. Honest1 is a Nevada limited liability company with its principal place of business at 100 2nd Avenue S., Suite 1203, St. Petersburg, Florida 33701.

3. Defendant is a Florida limited liability company with its principal place of business at 8051 N. Tamiami Trail, Suite E6, Sarasota, Florida 34243.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over the Defendant because Defendant is organized under the laws of the State of Florida and maintains its principal place of business there.

5. This Court has subject matter jurisdiction over Honest1's claims under the Lanham Act under 15 U.S.C. § 1121(a) and 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over Honest1's state law claims pursuant to 28 U.S.C. § 1367 because they form part of the same case or controversy as Honest1's claims under the Lanham Act.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1)–(2) because Defendant's principal place of business is in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTUAL ALLEGATIONS

### A. Honest1's Trademarks

8. Honest1 is a franchisor of auto repair and maintenance centers that offer environmentally-conscious auto care services to consumers.

9. Honest1 has 58 franchise locations operating in 17 states, including seven locations in Florida.

10. Honest1 has been in operation since 2003 and has, through significant expenditures of time, skill, effort, and money, established a unique system for the development, operation, promotion, and maintenance of automotive repair stores.

11. In connection with its services, Honest1 owns the following federally registered trademarks (collectively, the "Honest Marks"):

| Trademark | U.S. Registration No. |
|---|---|
| HONEST-1 AUTO CARE | 2,890,154 |
| HONEST-1 H1 AUTO CARE | 3,764,177 |
| HONEST1 AUTO CARE | 7,197,296 |

| | |
|---|---|
| HONEST1 AUTO CARE | 7,388,611 |
| HONEST1 | 7,197,297 |
| HONEST1 | 7,215,065 |
| HONEST1 AUTO CARE | 7,158,862 |
| HONEST1 | 7,158,863 |

True and correct copies of the registration certificates for the Honest Marks are attached hereto as **Exhibit A** and incorporated herein by reference

12. Through its promotion and marketing efforts, quality of service, widespread use, and longevity, the Honest Marks are widely recognized by consumers and represent the goodwill associated with the Honest1 brand.

13. As part of Honest1's development, operation, promotion, and

maintenance of automotive repair stores, and in furtherance of building the strength and recognizability of its brand and the Honest Marks, Honest1 has developed a distinctive exterior and interior design, décor, and color scheme. The hallmark of these features is the distinctive use of blue and green colors.

14. The Honest Marks are distinctive as applied to Honest1's services, signifying to consumers that the services come from Honest1 and are delivered with Honest1's quality standards.

15. Honest1 has gone to great lengths to protect its rights in the Honest Marks, as the goodwill associated with the Honest Marks holds incalculable value to Honest1.

**B. Defendant's Infringement of the Honest Marks**

16. Due to Honest1's success, the Honest Marks have been subjected to frequent copying and unauthorized use, and as such, Honest1 vigorously polices for infringing activity.

17. Honest1 became aware of the existence of Defendant's business in or around June 2026. Specifically, Honest1 learned that Defendant operates an auto repair business named Honest Auto and Airconditioning, located at 1024 Del Prado Blvd. S., Cape Coral, Florida 33990.

18. Defendant's business incorporates the following logo, which is used on physical store signage as well as online:

HONEST AUTO
AND AIR-CONDITIONING
TRUST DRIVEN QUALITY REPAIRS

*Defendant's Logo as depicted on Yelp*[1].




*Defendant's logo as depicted on physical store signage.*

19. Following the discovery of Defendant's business, Honest1 sent a letter to Defendant on August 4, 2026, informing Defendant of Honest1's rights and demanding that Defendant cease using the name "Honest Auto and Airconditioning," or any other confusingly similar name. Counsel for Honest1 was subsequently contacted via email by Defendant's attorney, who neglected to provide a substantive response despite Honest1 following up multiple times

[1] https://m.yelp.com/biz_photos/honest-auto-and-airconditioning-cape-coral

.

20. Subsequent communication from a representative of Defendant dated October 9, 2026 indicated that it is no longer represented by counsel, but that it is refusing to cease use of the infringing name.

21. This subsequent communication revealed Defendant has registered the domain www.honestautoandair.com. Defendant has not responded to Honest1's reiterated request that it cease using its confusingly similar name, or Honest1's request that it transfer the www.honestautoandair.com domain.

22. Defendant's use of the words "Honest Auto" in connection with its auto repair services infringes the dominant literal element, HONEST, and the word AUTO of the Honest Marks. The use of this name in combination with exact copying of Honest1's signature green and blue color scheme adds to the likelihood of consumer confusion and provides strong evidence of intentional infringement.

23. Honest1 has not authorized Defendant's use of its confusingly similar name.

24. Defendant organized as a Florida limited liability company on July 9, 2025, according to records maintained by the State of Florida Division of Corporations. This date comes well after Honest1's first use of the HONEST-1 AUTO CARE mark in March 2003.

25. Defendant has engaged in its infringement, as alleged herein, knowingly and intentionally, or with reckless disregard or willful blindness to Honest1's federally registered rights, in order to trade on Honest1's reputation and goodwill and confuse consumers.

## CAUSES OF ACTION

## COUNT 1

### Federal Trademark Infringement – 15 U.S.C. § 1114

26. The allegations contained in Paragraphs 1–25 are re-alleged and incorporated as if fully set forth herein.

27. Honest1 has continuously used the Honest Marks in commerce since on or before the dates of first use indicated in the certificates of registration attached in Exhibit A, the earliest date of which is on or before May 21, 2004.

28. Defendant has infringed the Honest Marks by using similar marks in commerce, in connection with the sale and advertisement of auto repair service, in a manner likely to cause consumer confusion.

29. In particular, Defendant:

a. Owns and operates an auto repair business using the name Honest Auto and Airconditioning;

b. Uses the same distinctive green and blue color scheme as Honest1 in connection with its logo and services and at its

physical place of business; and

c. Advertises its business online using the confusingly similar Honest Auto and Airconditioning name and green and blue color scheme.

30. Defendant's unauthorized use of marks confusingly similar to the protected Honest Marks is intended to cause public confusion, mistake, and deception as to the affiliation, sponsorship, and origin of its services.

31. Accordingly, Defendant's actions constitute trademark infringement under 15 U.S.C. § 1114(1).

32. As a result of Defendant's conduct, Honest1 has suffered and continues to suffer irreparable harm and damages, including loss of control over its brand, dilution of goodwill, and consumer confusion.

33. Defendant's infringement was willful, deliberate, and intentional.

34. Honest1 is entitled to preliminary injunctive relief prohibiting further unauthorized use of the confusingly similar mark "Honest Auto and Airconditioning" and any derivatives thereof.

35. Pursuant to 15 U.S.C. § 1117(a), Honest1 is entitled to recover Defendant's profits, any damages Honest1 sustained, and the costs of this action.

36. Because Defendant's conduct was willful, deliberate, and in bad faith, this case of infringement is exceptional and one in which Honest1 is

entitled to its reasonable attorneys' fees.

**COUNT II**

**False Designation of Origin and Unfair Competition –**

**15 U.S.C. § 1125(a)**

37. The allegations contained in Paragraphs 1–25 are re-alleged and incorporated as if fully set forth herein.

38. Defendant used and displayed, and continues to use and display, a name confusingly similar to the Honest Marks, "Honest Auto and Airconditioning," in its operation of its business in Cape Coral, Florida.

39. Defendant displays "Honest Auto and Airconditioning" signage and logos incorporating Honest1's distinctive green and blue color scheme both in physical signage at its place of business and online in its internet business profiles and pages.

40. Defendant uses the "Honest Auto and Airconditioning" name in connection with the same services Honest1 offers under its Honest Marks, namely, auto repair services.

41. Defendant's services are offered in interstate commerce.

42. Defendant's false designation is likely to cause confusion, mistake, or deception as to (a) the affiliation, connection, or association of Defendant with Honest1, or (b) as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Honest1.

43. Defendant's actions were knowingly false and were intended to wrongfully capitalize on Honest1's goodwill and divert customers to Defendant.

44. Defendant's conduct constitutes false designation of origin and unfair competition under 15 U.S.C. § 1125(a).

45. As a result of Defendant's conduct, Honest1 has suffered and continues to suffer irreparable harm and damages, including loss of control over its brand, dilution of goodwill, and consumer confusion.

46. Defendant's actions were and are willful, deliberate, and intentional.

47. Honest1 is entitled to preliminary injunctive relief prohibiting further unauthorized use of its trademarks and the confusingly similar mark "Honest Auto and Airconditioning" and any derivatives thereof.

48. Pursuant to 15 U.S.C. § 1117(a), Honest1 is entitled to recover Defendant's profits, any damages Honest1 sustained, and the costs of this action.

49. Because Defendant's conduct was willful, deliberate, and in bad faith, this case of infringement is exceptional and one in which Honest1 is entitled to its reasonable attorneys' fees.

## COUNT III

### Trademark Dilution – 15 U.S.C. § 1125(c)

50. The allegations contained in Paragraphs 1–25 are re-alleged and incorporated as if fully set forth herein.

51. Honest1's trademarks constitute famous and distinctive marks within the meaning of 15 U.S.C. § 1125(c).

52. As set forth above, Defendant is making use of a mark confusingly similar to the Honest Marks in commerce.

53. Defendant's use of its marks began after the Honest Marks became famous and distinctive.

54. Defendant's use of the Honest Marks is likely to cause dilution of the Honest Marks by blurring.

55. Defendant has engaged in conduct that dilutes the distinctive quality of the Honest Marks by blurring commercial identity through copying, imitation, and misuse on signage, websites, and digital profiles.

56. Defendant's continued use of the confusingly similar "Honest Auto and Airconditioning" name with green and blue color scheme and trade dress, both in digital form and at its physical location, diminishes the uniqueness and commercial identity of Honest1 and the Honest Marks.

57. As a result of Defendant's conduct, Honest1 has suffered and continues to suffer irreparable harm and damages, including loss of control

over its brand, dilution of goodwill, and consumer confusion.

58. Defendant's actions were and are willful, deliberate, and intentional.

59. Honest1 is entitled to preliminary injunctive relief prohibiting further unauthorized use of its trademarks and the confusingly similar mark "Honest Auto and Airconditioning" and any derivatives thereof.

60. Honest1 is entitled to permanent injunctive relief prohibiting further unauthorized use of its trademarks and the confusingly similar mark "Honest Auto and Airconditioning" and any derivatives thereof.

61. Pursuant to 15 U.S.C. § 1117(a), Honest1 is entitled to recover Defendant's profits, any damages Honest1 sustained, and the costs of this action.

62. Defendant's conduct was willful, deliberate, and in bad faith, this case of infringement is exceptional and one in which Honest1 is entitled to its reasonable attorneys' fees.

## COUNT IV

### Anticybersquatting Consumer Protection Act – 15 U.S.C. § 1125(d)

63. The allegations contained in Paragraphs 1–25 are re-alleged and incorporated as if fully set forth herein.

64. The Honest Marks are distinctive and famous within the meaning of 15 U.S.C. § 1125(d) and were distinctive and famous at all times relevant

hereto, including at the time Defendant registered the Infringing Domain, as defined below. Honest1 first used the HONEST-1 AUTO CARE mark in March 2003, long before the Infringing Domain registered on July 9, 2025.

65. Defendant registered the domain name www.honestautoandair.com (the "Infringing Domain") on or after July 9, 2025.

66. The Infringing Domain is identical or confusingly similar to the Honest Marks. It incorporates the dominant literal element of the Honest Marks, HONEST, together with the word AUTO, in connection with the identical auto repair services that Honest1 offers under the Honest Marks.

67. Defendant registered the Infringing Domain with a bad faith intent to profit from the Honest Marks.

68. Defendant's bad faith intent to profit is demonstrated by, among other things, the following:

a. Defendant has no trademark or other intellectual property rights in the Honest Marks or in the Infringing Domain;

b. Defendant is making no bona fide noncommercial or fair use of the Honest Marks at any site accessible under the Infringing Domain; and

c. Defendant registered the Infringing Domain with the intent to divert consumers away from Honest1 and its online location to Defendant's site, for Defendant's own commercial gain, by

creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of Defendant's site and services.

69. Defendant registered the Infringing Domain in order to divert customers seeking Honest1's auto repair services to Defendant's competing business, thereby trading on the goodwill associated with the Honest Marks.

70. Defendant's registration and use of the Infringing Domain is likely to cause confusion, mistake, and deception among consumers as to whether Defendant and its services are affiliated with, sponsored by, or approved by Honest1.

71. Defendant's conduct constitutes cyberpiracy in violation of 15 U.S.C. § 1125(d).

72. As a result of Defendant's conduct, Honest1 has suffered and continues to suffer irreparable harm and damages, including loss of control over its brand, dilution of goodwill, and consumer confusion.

73. Defendant's actions were and are willful, deliberate, and intentional.

74. Honest1 is entitled to preliminary and permanent injunctive relief prohibiting further registration or use of the Infringing Domain and any other domain name that is identical or confusingly similar to the Honest Marks, and directing the forfeiture, cancellation, or transfer of the Infringing Domain to Honest1 pursuant to 15 U.S.C. § 1125(d)(1)(C).

75. Pursuant to 15 U.S.C. § 1117(a), Honest1 is entitled to recover Defendant's profits, any damages Honest1 sustained, and the costs of this action. In the alternative, Honest1 is entitled to elect to recover statutory damages of not less than $1,000 and not more than $100,000 per domain name, as the Court considers just, pursuant to 15 U.S.C. § 1117(d).

76. Because Defendant's conduct was willful, deliberate, and in bad faith, this is an exception case in which Honest1 is entitled to its reasonable attorneys' fees.

**COUNT V**

**Florida Deceptive and Unfair Trade Practices Act –**

**Fla. Stat. § 501.204**

77. The allegations contained in Paragraphs 1–25 are re-alleged and incorporated as if fully set forth herein.

78. Defendant has engaged and is engaging in acts constituting unfair competition and unfair or deceptive practices within the meaning of Fla. Stat. § 501.204.

79. Defendant used and displayed, and continues to use a display, a name confusingly similar to the Honest Marks, "Honest Auto and Airconditioning," in its operation of its business in Cape Coral, Florida. Defendant uses its confusingly similar "Honest Auto and Airconditioning" name in connection with Honest1's distinctive green and blue color scheme.

80. Defendant's actions are unlawful and unfair and cause consumers to believe that Defendant is connected to or sponsored by Honest1.

81. The aforementioned acts by Defendant constitute unfair competition and deceptive acts in violation of the laws of Florida.

82. Such violations have damaged and are likely to further damage Honest1. These acts have caused Honest1 irreparable injury, loss of reputation, and pecuniary damages. Unless enjoined by this Court, Defendant will likely continue said acts of unfair competition to Honest1's immediate and irreparable damage.

## PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, H-1 Auto Care, LLC respectfully requests that this Honorable Court:

1. Enter an Order for preliminary and permanent injunctive relief that enjoins the use of the Honest Marks and any confusingly similar marks including, but not limited to, "Honest Auto and Airconditioning" or any derivations thereof.

2. Enter an Order for the forfeiture, cancellation, or transfer of the www.honestautoandair.com domain name to H-1 Auto Care, LLC.

3. Enter judgment against Defendant on all counts herein, awarding H-1 Auto Care, LLC compensatory damages in an amount to be proven at trial, exemplary/punitive damages in an amount to be determined at trial, and all

reasonable costs and attorneys' fees incurred as a result of this action.

4. Grant H-1 Auto Care, LLC such other relief as it deems just and reasonable.

Dated: October 21, 2026

Respectfully submitted,

**Gordon Rees Scully Mansukhani, LLP**

*/s/ M. Quinn Murphy*
M. Quinn Murphy, ESQUIRE
Florida Bar No.: 1039097
Primary: qmurphy@grsm.com
Secondary: mslocum@grsm.com
100 S. Ashley Drive, Suite 1350
Tampa, FL 33602
Telephone: (813) 444-9700
Facsimile: (813) 377-3505
*Counsel for Plaintiff H-1 Auto Care, LLC*